<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HECTOR RAMON SANABRIA**  Petitioner,  v.  **ROY L. HENDRICKS, et al.**  Respondents. | 04-CV-710 (WJM)  OPINION |

Hector Ramon Sanabria
SBI # 921980A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861
*Pro Se*

Steven E. Braun
Office of the Passaic County Prosecutor
401 Grand Street
Paterson, NJ 07505-2095
*Counsel for Respondents*

**MARTINI, U.S.D.J.**

This matter comes before the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 By Hector Ramon Sanabria ("Petitioner"), a prisoner currently confined at New Jersey State Prison, Trenton, New Jersey. The Respondents are Roy L. Hendricks and Peter C. Harvey. Respondents oppose. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, the Petition is **DISMISSED** and no certificate of appealability will issue.

<u>PROCEDURAL HISTORY</u>

On May 3, 1985, Petitioner was indicted by a Passaic County Grand Jury on four counts for murder in violation of N.J.S.A. 2C:11-3a, for possession of a weapon, a handgun, for an unlawful purpose in violation of N.J.S.A. 2C:39-4, for unlawful possession of a firearm in violation of N.J.S.A. 2C:39-5b, and for possession of a weapon, a handgun, by a convicted felon, in violation of

N.J.S.A. 2C:39-7.  Petitioner entered a plea of not guilty and a jury trial took place before the Honorable Bruno L. Leopizzi, J.S.C. in the New Jersey Superior Court, Law Division, Passaic County.  On April 25, 1986, Sanabria was convicted on Counts One, Two and Three of the indictment.  Judge Leopizzi merged Counts One and Two, sentencing Sanabria to thirty years without parole.  Sanabria was sentenced to five years on Count Three to run concurrently with his sentence on merged Counts One and Two.  (Nov. 12, 1993 D.N.J. Op. at 10.)  Count Three was merged with Count Two for sentencing.

Petitioner filed an appeal on June 9, 1986; the Appellate Division affirmed the conviction on March 24, 1988, and the New Jersey Supreme Court denied his petition for certification on June 23, 1988.  On October 18, 1990, Petitioner filed a *pro se* petition for Post-Conviction Relief ("PCR")[1] alleging that the Indictment was not derived from any testimony presented to the Grand Jury, that Petitioner received ineffective assistance of counsel on both the trial and appellate levels leading to his conviction in violation of the 5th, 6th and 14th amendments, and that the prosecution violated Petitioner's right to a fair trial.  (Pb. at 3-4.)[2]

On July 18, 1991, Judge Leopizzi denied as without merit each of Petitioner's PCR claims with the exception of the allegation that insufficient evidence had been presented to the Grand Jury; he did not comment on this last claim.  (July 18, 1991 PCR Tr. at 3-6)  On February 28, 1992, Judge Leopizzi denied this last remaining allegation, thus "dispos[ing] of the PCR" in full.  (February 28, 1992 PCR Tr. at 3.)

Pursuant to N.J.Ct.R. 2:4-1(a), Petitioner then had 45 days from February 28, 1992 – until April 13, 1992– to appeal Judge Leopizzi's denial of the PCR.  *See Myers v. Francis*, No. Civ.A. 06-566 (SRC), 2006 WL 1469358, at *3-4 (D.N.J. May 24, 2006).  However, Petitioner failed to file an appeal in this period, nor does it appear that he appealed the PCR *nunc pro tunc*.  (Nov. 12, 1993 D.N.J. Op. at 19.)

---

[1] PCR is "New Jersey's analogue to the federal writ of habeas corpus." *State v. Preciose*, 129 N.J. 451, 459 (1992)

[2] The designation "Pb." refers to Petitioner's February 13, 2004, brief for habeas relief.

On July 15, 1993, Petitioner filed for habeas relief in the District of New Jersey; that petition was denied on November 12, 1993 for failure to exhaust state remedies. (Nov.12, 1993 D.N.J. Op. at 4, 19-20.)

On February 15, 1999, Petitioner, through new counsel, submitted "amended" pleadings to the 1990 PCR claiming the earlier PCR still needed to be resolved. (June 29, 2000 PCR Op. at 3,6; Pb. at 5.) The "amended" PCR was denied by Judge Sokalski of the New Jersey Superior Court in a June 29, 2000 opinion as time-barred, and a corresponding order was entered on July 11, 2000; the opinion also states that the earlier PCR was considered and decided on February 28, 1992. (June 29, 2000 PCR Op.; July 11, 2000 Order Denying Defendant's PCR.) The New Jersey Appellate Division affirmed on March 12, 2003, and the Supreme Court of New Jersey denied certification on September 8, 2003. (Pb. at 6.)

The instant habeas petition was filed on February 13, 2004; Respondents filed an Answer on October 5, 2004. On November 5, 2004, Petitioner filed a Traverse pursuant to 28 U.S.C. § 2248.

## PETITIONER'S CLAIMS[3]

Petitioner argues for habeas relief on the following grounds:

1. Petitioner was denied his right to an independent grand jury, leading to an indictment in violation of due process and the right to a fair trial.

2/3. Ineffective assistance of counsel led to defendant's conviction in violation of the 5th, 6th and 14th Amendments;

4. Improper jury charges related to self defense violated defendant's right to due process and a fair jury trial;

5. Improper jury charges related to manslaughter violated defendant's right to due process and a fair jury trial;

6. The trial court erroneously refused to entertain defendant's request to charge the jury on particular issues;

---

[3] Although Petitioner's brief is lengthy and convoluted, the Court has tried to its best ability to distill Petitioner's claims.

       7.       Ineffective assistance of counsel violated defendant's 6th Amendment right.

Pb. at ¶12(a)-(g).

## STANDARD OF REVIEW

A federal court must consider a writ of habeas corpus when Petitioner claims to be "in custody in violation of either the Constitution or laws of the United States." 28 U.S.C. § 2254. However, a habeas petition may be denied on procedural grounds for failure to apply within the statute of limitations and failure to exhaust state remedies. *See Dozier v. Hendricks*, No. Civ.A. 03-4153, 2005 WL 2979636, at *3 (D.N.J., Nov. 7, 2005); *see also Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). Furthermore, a district court may evaluate, with no further notice to the parties, a properly asserted statute of limitations opposition to a habeas petition. *See Day v. McDonough,* 126 S.Ct. 1675 (2006).

Finally, the Court acknowledges that a *pro se* pleading is held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, a *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

## DISCUSSION

Having reviewed all pleadings and the relevant statutes and case law, the Court finds that Petitioner's habeas petition must be **DISMISSED** as untimely and a certificate of appealability will not issue.

**A.**    **Timeliness**

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part that:

>   (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>       (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act ("AEDPA") was signed into law.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Duarte v. Herschberger*, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  *See Burns*, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2); *see generally Miller v. Dragovitch*, 311 F.3d 574 (3d Cir. 2002).

Clearly the present habeas petition is time-barred.  On February 28, 1992, Judge Leopizzi resolved all outstanding PCR issues and made a final disposition of the PCR.  (Feb. 28, 1992 PCR Tr. at 2-3; June 29, 2000 PCR Op. at 3-4.)  Petitioner never appealed.  Furthermore, his 1999 "amendments" had no effect on the status of his earlier PCR and was likewise untimely filed.  (June 29, 2000 PCR Op. at 4.)  *See also* N.J.Ct.R. 3:22-12; N.J.Ct.R. 2:4-1(a); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir.2000); *Myers v. Francis*, 2006 WL 1469358, at *4; *Figueroa v. MacFarland*, No. 04-4724WHW, 2005 WL 2044906, at *4 (D.N.J. Aug. 23, 2005).

Therefore, under the AEDPA and §2244(d)(1), Petitioner had until April 23, 1997 in which to file this habeas petition.  *See Dragovitch*, 311 F.3d at 576-78.  However, this petition was filed on February 13, 2004 well beyond the statute of limitations.

Petitioner argues that he should qualify for equitable tolling of the statute of limitations;

5

however, this argument is without merit.  Equitable tolling should be applied to §2244(d) actions when (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum.  Furthermore, the petitioner must show that he exercised reasonable due diligence in investigating and bringing claims.  *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner cites his first counsel's failure to pursue his case as grounds for equitable tolling.  (Pb. at 4-5).  However, the Third Circuit holds that, in non-capital cases, attorney error, inaction, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  *See Fahy*, 240 F.3d at 244; *Johnson v. Hendricks*, 314 F.3d 159,163 (3d Cir. 2002).

Rather than waiting four and a half years to determine the status of his PCR petition, Petitioner was obligated to inquire as to his counsel's whereabouts, contact the OPD to request appointment of new counsel, or otherwise pursue his case.  *See, e.g., Reid v. Stickman*, No. 02-6576, 2003 WL 23594055, at *2 (E.D. Pa. July 8, 2003).  Moreover, even if Petitioner was ignorant as to the proper limitations period, ignorance or misreading of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Jones*, 195 F.3d at 159-60.

Therefore, because Petitioner failed to file a timely petition and demonstrates no extraordinary circumstances that would permit equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief.  Since the petition is barred under § 2244(d)(1), it will be dismissed.

**B.     Certificate of Appealability**

The Court next must determine whether a certificate of appealability should issue.  *See* 3d Cir. R. 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, this § 2254 habeas petition is clearly time barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not issue.

## CONCLUSION

For the foregoing reasons, the Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly. No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

Date: August 4, 2006